UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN SUAREZ; DELAILAH PEREZ; ANDRE ROJAS,<br><br>                         Plaintiffs,<br><br>             -against-<br><br>PARK LANE MANAGEMENT CORPORATION, et al.,<br><br>                         Defendants. | 25-CV-0919 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiffs, who are proceeding *pro se* and *in forma pauperis* ("IFP"), invoke the Court's federal question jurisdiction. They bring claims related to the conditions of their apartment and the litigation of landlord-tenant proceedings in the Civil Court of the City of New York. Named as Defendants are (1) Plaintiffs' landlords and managing companies, Park Lane Management Corporation, Kahen Properties, Majid Kahen, and Michael Himy; (2) the Civil Court; and (3) Civil Court employees Evon Asforis, Frances Ortiz, Yekaterina Blinova, Daniele Chinea, Jack Stoller, Norma Jennings, and Staci Coble.

       On January 29, 2025, Plaintiffs filed an "order to show cause for preliminary injunction and temporary restraining order," asking this Court to stay the landlord-tenant proceedings and bar the Civil Court from issuing an order of eviction. Plaintiffs note that their next court date, concerning a holdover petition, is scheduled for February 5, 2025.

## DISCUSSION

       To obtain preliminary injunctive relief, a plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and

a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiffs' submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Specifically, neither the complaint nor the motion seeking a preliminary injunction and restraining order alleges facts suggesting that this Court has subject matter jurisdiction of Plaintiffs' claims. Moreover, the relief Plaintiffs seek – federal court intervention in a state court eviction proceeding – is likely barred by the *Younger* abstention doctrine.[1] Accordingly, Plaintiffs' request for preliminary injunctive relief (ECF 5) is denied. The Court will address the claims in Plaintiff's complaint in due course.

---

[1] The *Younger* abstention doctrine cautions federal courts against enjoining or otherwise interfering in ongoing state proceedings. *See Sprint Comms., Inc. v. Jacobs*, 571 U.S 69, 77-78 (2013) (defining "*Younger*'s scope"); *see generally Younger v. Harris*, 401 U.S. 37, 43-45 (1971). When a plaintiff "seek[s] injunctive relief relating to the same property that is the subject matter of the underlying state court action[,]" *Younger* abstention applies. *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015); *see Clark v. Bloomberg*, No. 10-CV-1263, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (holding that *Younger* abstention doctrine precludes federal district court from staying pending state-court foreclosure and eviction proceedings because "both concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide [the plaintiff] with an adequate forum to make the arguments he seeks to raise in this court").

## CONCLUSION

Plaintiff's request for an order to show cause (ECF 5) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 3, 2025
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                          Chief United States District Judge